Michael C. Barnhill (Bar No. 329621)
MICHAEL BEST & FRIEDRICH LLP
2750 E. Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Phone: (801) 833-0500
mcbarnhill@michaelbest.com

Counsel for Vervent, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERVENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAIPH CONSULTING LLC, and PAUL KOSINSKI, <br><br> Defendants. | Case No.: '25CV655 JES SBC <br><br> **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA PURSUANT TO 28 U.S.C. § 1746** <br><br> Action Filed: March 20, 2025 <br><br> Date: <br> Time: <br><br> Judge <br> Magistrate |

# NOTICE OF HEARING AND MOTION

**PLEASE TAKE NOTICE** that on _____, 2025, at _____, or as soon thereafter as they may be heard, in Courtroom \_\_\_\_ of the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, before the Honorable _____ of the United States District Court for the Southern District of California, Vervent, Inc., ("Vervent") through counsel and by special appearance, will move and hereby does move the Court, as follows:

1. Pursuant to Fed. R. Civ. P. 45(d)(3), Vervent moves the Court to quash Defendants' Leadenhall Capital Partners LLP, Leadenhall Life Insurance Linked Investment Fund PLC, Noah Davis, Saiph Consulting LLC, and Paul Kosinski's (collectively, "Defendants") Subpoena Duces Tecum for Deposition of Records Custodian of Non-Party Vervent (the "Subpoena"), on the grounds that it is overly broad, unduly burdensome, requires disclosure of confidential commercial information, and fails to allow a reasonable time to comply.

This Motion is based on this Notice, Vervent's Memorandum of Points and Authorities (*infra*) in support of the Motion, the declaration filed in support thereof, and upon such matters as may be presented to the Court.

Dated: March 20, 2025

    /s/ Michael C. Barnhill
    Michael C. Barnhill
    MICHAEL BEST & FRIEDRICH LLP
    2750 E. Cottonwood Parkway, Suite 560
    Cottonwood Heights, Utah 84121
    Phone: (801) 833-0477
    mcbarnhill@michaelbest.com

    Attorneys for Vervent, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion arises out of an active lawsuit in the Southern District of Florida styled 777 Partners LLC, et al. v. Leadenhall Capital Partners, LLP, et al (the "Underlying Litigation"). Plaintiffs in the Underlying Litigation are current customers of Vervent. As part of their business relationship, Vervent possesses and/or stores confidential commercial materials and other materials related to its services provided to Plaintiffs.

Defendants served their Subpoena on Vervent on March 3, 2025, through its registered agent, CT Corporation. *See* Exhibit 1. The Subpoena purports to require Vervent to produce documents responsive to sixteen (16) different "Document Requests." (*Id.*) The Document Requests, which themselves seek a broad swath of materials, are styled similarly to Requests for Production of Documents that would ordinarily be served upon a party under Rule 34. The Subpoena also purports to require Vervent to give testimony at a deposition on March 17, 2025. The Subpoena was not accompanied by any list of topics as required by Fed. R. Civ. P. 30(b)(6). Nor did Defendants deliver the required fee in accordance with Fed. R. Civ. P. 45(b)(1). Defendants served an Amended Subpoena on Vervent's registered agent on March 18, 2025 which included the witness fee. Then, at 3:22 PM Pacific time, Defendants emailed a Second Amended Subpoena to Vervent's counsel. *See* Exhibit 2. This subpoena purports to set a time for deposition on March 20, 2025 at 1:00 PM Pacific time, though this was later extended to 2:00.

Despite the issues with the first subpoena, Vervent took steps to investigate whether it has materials responsive to the Subpoena and to assess the burden involved in responding to the Document Requests lodged by Defendants. Through its preliminary investigation, Vervent learned that it has voluminous materials in its possession that are ***potentially*** responsive to the Document Requests. Because

of the nature of the Document Requests, and because the Document Requests broadly seek materials that are likely irrelevant to the Underlying Litigation (as detailed further herein), Vervent is unable to conduct more targeted searches and would have to undertake an extensive and time-consuming review in order to determine responsiveness. Not only that, but because of the sensitive nature of the materials Vervent maintains in the regular course of its business, it would have to consider whether responsive materials trigger any obligations under applicable state and federal law and/or confidentiality and non-disclosure provisions which are routinely included in its servicing agreements. Based upon the Document Requests as served, this review would have to be done on a document-by-document basis.

The Declaration of Kelsey Sterbenz, attesting to these matters and the burden upon Vervent in complying with the Subpoena, is submitted herewith as <u>Exhibit 3</u>. Based on these and other reasons, Vervent now moves to quash the Subpoena for the reasons set forth herein.

## II.     STANDARDS OF DECISION

Fed. R. Civ. P. 45 allows for subpoenas to nonparties, subject to the requirements therein. As relevant here, Rule 45 requires that a party issuing/serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that "the court for the district where compliance is required must enforce this duty and impose an appropriate sanction…on a party or attorney who fails to comply." Rule 45(b)(1) further requires that, where a subpoena requires attendance by the subpoenaed party, the issuing party must tender "fees for 1 day's attendance and the mileage allowed by law."

Pursuant to Rule 45(d)(3)(A), on timely motion, the court "must quash or modify a subpoena that…fails to allow reasonable time to comply…or subjects a

3

person to undue burden." In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party." *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (internal citations omitted.) "Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. *Id.* (internal citations and quotations omitted.)

The court may also quash or modify a subpoena if it requires disclosing confidential commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B). As the Court explained in *In re Subpoena of DJO, LLC*:

> Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and ensures that subpoenaed person will be reasonably compensated… Upon such a showing, the court may order appearance or production under specified conditions…Trade secret or commercially sensitive information must be "important proprietary information" and the party challenging the subpoena must make a strong showing that it has historically sought to maintain the confidentiality of this information.

*In re Subpoena of DJO, LLC*, 295 F.R.D. 494 (internal citations and quotatons omitted.)

### III.   ARGUMENT

#### A. The Subpoena is Overly Broad and Unduly Burdensome.

The Subpoena fails to adhere to the parameters of discovery allowed under

Rule 26; namely, that a party may only seek discovery relevant to a claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(a)(4)(b)(i) (defining scope of discovery allowed).

The Subpoena's sixteen Document Requests are overly broad on their face. For example, Definition 2 purports to require Vervent to not only produce documents in its possession, custody, or control, but also in the possession, custody, or control of its "employees, officers, directors, employees, partners, corporate parent, agents, subsidiaries, or affiliates." Fed. R. Civ. P. 45(a)(1)(A)(iii) only requires that the person subject to the subpoena to produce documents in that person's possession, custody, or control. The timeframe for documents is also from July 1, 2023 to the present. This does not focus on the timeframe in which Plaintiffs allege the wrongful conduct occurred, which was May through August 2024. *See* Amended Complaint, attached as Exhibit 4, at ¶¶ 28-69.

Likewise, Requests 1 and 2 purport to seek "all backup copies" of the "MPFin database" uploaded or downloaded by the plaintiffs ***or by any other entity or natural person.*** Vervent does not have an "MPFin database." Through conversations with Defendants' counsel, Vervent's counsel eventually learned that Defendants are looking for specific files. (Ex. 3 ¶¶ [6-7].) Requests 3 and 4 then seek all server logs reflecting activity for the "MPFin database"—regardless of whether that activity has any relation to the dispute in the Underlying Litigation or not. Despite this problem of Requests 3 and 4 being overbroad, Vervent has produced its log regarding activity with the MPFin files. As another example, Requests 7 through 12 purport to require production of a broad range of communications between Vervent and Plaintiffs relating to subject matter that does not necessarily overlap with the claims and defenses in the Underlying Litigation. Finally, Requests 15 and 16 require production of all communications between

Vervent and Plaintiffs over a period of more than two years—regardless of the nature or subject matter of those communications.

Each of these exemplify the core issue with all of Defendants' Document Requests: they are overly broad in nature, and do not reasonably relate to the claims and defenses at issue in the Underlying Litigation. Fed. R. Civ. P. 26.

Moreover, the Subpoena is unduly burdensome within the meaning of Rule 45(d)(3)(A) in that it would impose a significant cost on Vervent to review and produce largely irrelevant materials. Producing the materials sought by the Subpoena would be an extraordinarily time consuming and costly endeavor. (Ex. 3 ¶¶ 5, 9.) For example, producing copies of the MPFin files would require several restores of the system which could take several days (or more) to complete depending on the number of restores needed, along with other technical requirements. (*Id.* ¶ 7) Complying with the requests relating to e-mail communications also imposes a significant on Vervent. (*Id.*) From a preliminary search, Vervent has identified 2,211 e-mails that are potentially responsive to the Requests 7 and 9. (*Id.* ¶ 10.) Because of the nature of the materials sought, there is no way for Vervent to efficiently produce responsive documents by, for example, a key word or domain search. (*Id.* ¶ 12) This is because, in its ordinary course of business, Vervent is subject to many state and federal regulations as well as contractual confidentiality and non-disclosure agreements. (*Id.*) Thus, before producing responsive materials, Vervent would have to conduct a document-by-document review of all potentially responsive materials to determine whether it has any other obligations it must comply with in connection with production of same. Vervent would also need to conduct a review for privileged materials that are not subject to production. In addition, Vervent will have to divert its personnel away from their tasks essential to running Vervent's day-to-day operations,

something which Vervent usually charges an hourly rate for. (*Id.* ¶ 18) That time, together with outside counsel's time, rapidly eclipses any reasonable burden and cost Rule 45 authorizes a party to put on a third party.

At present, such an internal review would have to be performed by Kelsey Sterbenz, Senior Corporate Counsel, and her paralegal, Stephanie Kwiatkowski. (*Id.* ¶ 13.) Based on the volume of potentially responsive documents, Vervent estimates this review would take ***at least*** 40 hours (assuming 55 emails could be reviewed each hour). (*Id.*). Ms. Sterbenz and Ms. Kwiatkowski perform important roles in the day-to-day operations of Vervent that would not allow for them to perform this review in the timeframe provided for by the subpoena, if at all. (*Id.* ¶ 14). To engage outside counsel for such a review, Vervent would likely incur legal fees and costs well-exceeding $14,000.00 (assuming a blended rate of $350.00 per hour), plus the hosting and Relativity fees Vervent would incur to conduct the review. (*Id.* ¶ 15). And, even with outside counsel review, the review and production required to comply with the Subpoena, as served, could not be done within the Defendants' stated timeline.

The undue burden imposed by the Subpoena is amplified by the fact that the Document Requests seek materials that are more conveniently sought from Plaintiffs, who are parties to the Underlying Litigation. The Ninth Circuit has "long held that nonparties subject to discovery requests deserve extra protection from the courts." *Maplebear Inc. v. Uber Techs., Inc.*, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021); *United States v. C.B.S.*, Inc., 666 F.2d 364, 371-72 (9th Cir. 1982). Indeed, it is well-settled that courts "*must* protect a person who is neither a party nor a party's officer from significant expense resulting from compliance," *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). Further, Rule 26 plainly contemplates that a court "***must*** limit the frequency or extent of discovery

otherwise allowed" if it determines that "the discovery sought…can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

Here, with the exception of a single report in Vervent's possession detailing activity on the server related to the MPFin files, (Ex. 3 ¶ 8), all other relevant materials sought by the Subpoena are equally available through discovery from Plaintiffs. Defendants have not shown that they have attempted to obtain these materials from Plaintiffs and/or why they are unable to do so. When weighing these considerations against the significant burden on Vervent to comply with the Subpoena, the only conclusion is that the Subpoena should be quashed. *In re Subpoena of DJO, LLC*, 295 F.R.D. at 497.

### B. The Subpoena seeks Confidential Materials.

Rule 45(d)(3)(B)(i) also permits the Court to quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. "Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship; and ensures that subpoenaed person will be reasonably compensated.' *In re Subpoena of DJO*, LLC, 295 F.R.D. at 497 citing Rule 45(d)(3)(C)(i) & (ii).

Here, the Subpoena seeks confidential information. Namely, Vevent is the backup servicer for the plaintiffs in the Florida action. As the backup servicer, Vervent has incredible amounts of consumers personal information who have loans and accounts with those plaintiffs. (Ex. 3 ¶ 16.) Not only that, but materials in Vervent's possession that are potentially responsive to the Document Requests are

also likely subject to confidentiality and/or nondisclosure provisions contained in other customers' servicing agreements. And, that is to say nothing of obligations imposed upon Vervent by state and federal law which might be implicated by a particular document or set of documents.

For the reasons set forth above, Defendants have not and cannot show a substantial need for the materials sought as they are likely to be irrelevant and disproportional to the needs of the case under Rule 26. Further, Defendants cannot show why they have a substantial need for these materials *from Vervent* rather than from Plaintiffs. The Subpoena should therefore be quashed pursuant to Rule 45.

### C. The Subpoena Fails to Allow a Reasonable Time for Compliance.

Rule 45(d)(3) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that…fails to allow a reasonable time to comply." Here, the breadth of the Document Requests, coupled with the time and expense involved in any review and production of responsive materials, makes Vervent's compliance by the deadline stated in the Subpoena patently unreasonable. (*See, e.g.,* Ex. 3 ¶ 15). Thus, the Subpoena should be quashed under the plain language of the Rule.

### D. Defendants Failed to Comply with the Requirements imposed by applicable Federal Rules.

The Subpoena to Vervent also includes a subpoena for deposition testimony. Fed. R. Civ. P. 30(b)(6) sets forth the requirements for discovery upon an entity or organization and requires that the proponent "describe with reasonable particularity the matters for examination." The Rule then requires Vervent to designate a corporate representative to testify on behalf of the entity about such

matters. The subpoena for deposition testimony, although directed to Vervent, included no such description of the matters for examination. (Ex. 2). As a result, Vervent cannot possibly designate a representative or prepare for the deposition in compliance with the Rule. To the extent Defendants assert that the topics for examination mirror the Document Requests, Vervent still maintains its objection. For the reasons set forth above, the Document Requests are not stated with reasonable particularity, are overly broad, and do not provide Vervent with reasonable notice of the matters upon which it should expect to be examined. Because Defendants failed to comply with Rule 30(b)(6), the deposition subpoena should be quashed.

### IV.   CONCLUSION

For the reasons discussed above, this Court should quash the Subpoena and issue any other such relief as the Court deems necessary and proper.  As stated above, Vervent produced its log and it is in the process of producing .zip files, and it is willing to produce the remaining files within an appropriate timeframe in which it can gather and produce the files Defendants' counsel identified.

Dated: March 20, 2025.

/s/ Michael C. Barnhill
Michael C. Barnhill
MICHAEL BEST & FRIEDRICH LLP
mcbarnhill@michaelbest.com

Attorneys for Vervent, Inc.