# EXHIBIT 1

**Wolters Kluwer**

CT Corporation
**Service of Process Notification**
03/03/2025
CT Log Number 548536387

## Service of Process Transmittal Summary

**TO:**     Derek Gamble, General Counsel
VERVENT INC.
10182 TELESIS CT STE 300
SAN DIEGO, CA 92121-4777

**RE:**     **Process Served in Florida**

**FOR:**    VERVENT INC.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | 777 Partners LLC, et al. vs. Leadenhall Capital Partners, LLP |
| **CASE #:** | 2481143 |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/03/2025 at 14:36 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Derek Gamble  dgamble@vervent.com |
| | Email Notification,  Stephanie Kwiatkowski  skwiatkowski@vervent.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 866-203-1500 |
| | DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                              Mon, Mar 3, 2025
**Server Name:**                       Mikhael Goldgisser

| Entity Served | VERVENT INC |
|---|---|
| Case Number | 24-81143-Civ- Middlebrooks/Matt |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
|  |  |  |



AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida  ▢ ▼

| 777 Partners LLC, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.   24-81143-Civ- Middlebrooks/Matt |
| Leadenhall Capital Partners, LLP, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Corporate Representative
VERVENT, INC.   c/o CT Corporation

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Vervent, Inc.<br>10182 Telesis Court, Suite 300<br>San Diego, CA  92121 | Date and Time:<br>March 17, 2025 at 12:00 p.m. EST |
|---|---|

The deposition will be recorded by this method:  via videographer and court reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/03/2025

*CLERK OF COURT*

OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                    Harold E. Morlan III
                                                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Harold E. Morlan III, (407) 423-3200; hmorlan@shutts.com
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Mikhael Goldgisser
1556
2025/03/03 14:36:37

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 24-81143-Civ- Middlebrooks/Matt

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INSTRUCTIONS

1.      Each Request should be responded to in accordance with the instructions herein and all applicable federal and local rules.

2.      The Requests are continuing in nature so as to require supplemental answers to be served in a timely manner if further or different information is obtained with respect to any Document Request.

3.      Each Request is to be read, construed, and responded to separately and independently without reference to, or being limited by, any other Request.

4.      These Instructions and Definitions should be construed to require an answer based upon the knowledge of, and information available to, the responding party as well as its agents and representatives.

5.      In answering these Requests, if You claim an ambiguity in interpreting a Request, or any definition or instruction, that claim shall not be used as a basis for refusing to respond, but there shall be set forth as a part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

6.      If a Request cannot be answered completely, You shall answer to the extent possible, specify the reasons for Your inability to answer or respond in full, and state whatever information is available concerning the unanswered portion. If You do not have personal knowledge sufficient to respond fully to a Request, You shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other persons or sources of information.

7.      All uses of the conjunctive include the disjunctive (and vice versa).

8.      All words in the singular include the plural (and vice versa). All uses of the word "all" include "any" (and vice versa).

9.      All uses of the word "each" include "every" (and vice versa).

10.     The use of a verb in any tense encompasses the use of the verb in all tenses.

11.     The use of the feminine, masculine, or neuter genders shall include all genders.

12.     If a claim of privilege is asserted with respect to any Request, in whole or in part, or You refuse to answer any Request on any other ground, specify the exact basis for Your claim that such Request need not be answered with sufficient specificity to permit the Court to determine the validity of Your objection or position. In the event You serve a proper and timely objection to a portion of a Request, please respond to all portions of the Request that do not fall within the ambit of Your objection. For example, if You object to a Request on the ground that it is too broad insofar as it covers time periods that You contend are not relevant to this litigation, You should answer as to all time periods that You contend are relevant.

## **DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should You not understand the meaning of any term, it is requested that You immediately seek clarification through the undersigned. As used in these Requests, the words set forth below shall be defined as follows:

1.      "Action" shall mean the above-captioned action, currently pending in the United States District Court for the Southern District of Florida.

2.      "Vervent" shall mean Vervent Inc. and its employees, officers, directors, employees, partners, corporate parent, agents, subsidiaries, or affiliates.

3.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

4.    "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon). "Document" further means any kind of printed, recorded, written, graphic, electronic or photographic matter (including tape recording), and related metadata, however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, emails, texts, instant messages, memoranda, correspondence, notes of conferences or telephone conversations, reports, intra and inter-office communications to, between or among directors, officers, agents, attorneys, accountants or employees, compilations of data, books, records, accounts, contracts, agreements, pictures, photographs, transcripts, minutes, tapes, computer data files, printouts, vouchers, accounting statements, diagrams, mechanical and electrical recordings, checks, deposit slips, recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits; statements; summaries; opinions; court and/or arbitration pleadings; analyses, forecasts and evaluations; licenses; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements; questionnaires, answers to questionnaires; statistical records; advertisements, brochures, circulars, bulletins, pamphlets; desk calendars, appointment books, diaries, telephone logs; expense accounts; computer tapes and discs, magnetic tapes, computer  printouts, data processing input and output, computer files, computer programs, computer program coding sheets, models, drawings, sketches, blueprints, objects; and all other tangible things upon which any

handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

5.     The word "communication," or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies or telexes, emails or texts, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

6.     "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

7.     "Or" and "and" each mean "and/or."  "All" shall be understood to include and encompass "any".

8.     "Concerning," "evidencing" or "relating to" or any variant thereof includes referring to, support-ing, located in, considered in connection with, bearing, bearing on, evidencing, indicating, report-ing on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

9.     Unless otherwise indicated, the time period for these requests is July 1, 2023 to the present.

## DOCUMENT REQUESTS

1.      All backup copies of the MPFin database uploaded or downloaded by SuttonPark Capital LLC and/or 777 Partners LLC.

2.      All backup copies of the MPFin database uploaded or downloaded by any other entity or natural person.

3.      Server logs reflecting all downloads or uploads of MPFin database backups.

4.      Server logs reflecting or concerning all activity on the file server(s) where Vervent maintains and/or stores backup MP Fin System files or data received, produced, or otherwise provided by 777 Partners, LLC or SuttonPark Capital LLC.

5.      All contracts, agreements, and engagement letters between Vervent and 777 Partners, LLC or its affiliates.

6.      All contracts, agreements, and engagement letters between Vervent and SuttonPark Capital LLC, or its affiliates.

7.      All communications relating to data security concerning files received, produced, or otherwise provided by SuttonPark Capital LLC or 777 Partners, LLC to Vervent.

8.      All communications relating to the integrity, usability, or reliability of the MP Fin Database, system, or data.

9.      Any and all communications relating to data security incidents concerning the MP Fin System files or data received, produced, or otherwise provided by SuttonPark Capital, LLC or 777 Partners, LLC to Vervent.

10.     All communications relating to the need to restore the MPfin database, its data, or related systems.

11.     Any and all communications between Vervent and SuttonPark Capital, LLC or 777 Partners concerning the need use a backup copy of the MP Fin System.

12.     Any and all communications between Vervent and 777 Partners LLC concerning restoration of the MP Fin database.

13.     Any and all communications between Vervent and 777 Partners LLC concerning the preservation of documents or communications pertaining to this Action.

14.     All communications between Vervent and SuttonPark Capital LLC concerning the preservation of documents or communications pertaining to this Action.

15.     All communications between Vervent and SuttonPark Capital LLC from July 1, 2023 to Present.

16.     All communications between Vervent and 777 Partners, LLC from July 1, 2023 to Present.

ORLDOCS 22315450 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:24-CV-81143-DMM

777 PARTNERS LLC and
SUTTONPARK CAPITAL LLC,

      Plaintiffs,

v.

LEADENHALL CAPITAL PARTNERS
LLP, LEADENHALL LIFE
INSURANCE LINKED INVESTMENT
FUND PLC, NOAH DAVIS, SAIPH
CONSULTING LLC and PAUL
KOSINSKI.

      Defendants.

---

**DEFENDANTS' NOTICE OF SERVING SUBPOENA DUCES TECUM**
**FOR DEPOSITION OF RECORDS CUSTODIAN OF NON-PARTY VERVENT INC.**

      PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition

*duces tecum* of:

| NAME | DATE & TIME | PLACE |
|------|-------------|-------|
| **Records Custodian**<br>Vervent Inc.<br>10182 Telesis Court, Suite 300<br>San Diego, CA 92121<br>c/o C T Corporation System<br>1200 South Pine Island Road<br>Plantation, Fl 33324 | March 17, 2025<br><br>12:00 pm Eastern<br>9:00 am Pacific | Via Zoom videoconference |

upon oral examination before a Notary Public or other person authorized by law to administer

oaths. This examination is being taken pursuant to Rule 30 and Rule 30(b)(6) of the Federal Rules

of Civil Procedure. The video examination will continue from day to day until completed. The

deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

The deponent is further directed to produce to undersigned counsel, at or prior to the commencement of the deposition, all of the documents described on Exhibit A attached to this Notice of Deposition *Duces Tecum*.

Dated this 3rd day of March, 2025.

/s/ Harold E. Morlan III
Harold E. Morlan III
Florida Bar No.: 24250
Primary Email: hmorlan@shutts.com
Secondary Email: sseiter@shutts.com


**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
*Attorneys for Saiph Consulting LLC and Paul Kosinski*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record.

/s/ Harold E. Morlan III
Harold E. Morlan III


ORLDOCS 22315600 2

## EXHIBIT A

## INSTRUCTIONS

1.      Each Request should be responded to in accordance with the instructions herein and all applicable federal and local rules.

2.      The Requests are continuing in nature so as to require supplemental answers to be served in a timely manner if further or different information is obtained with respect to any Document Request.

3.      Each Request is to be read, construed, and responded to separately and independently without reference to, or being limited by, any other Request.

4.      These Instructions and Definitions should be construed to require an answer based upon the knowledge of, and information available to, the responding party as well as its agents and representatives.

5.      In answering these Requests, if You claim an ambiguity in interpreting a Request, or any definition or instruction, that claim shall not be used as a basis for refusing to respond, but there shall be set forth as a part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

6.      If a Request cannot be answered completely, You shall answer to the extent possible, specify the reasons for Your inability to answer or respond in full, and state whatever information is available concerning the unanswered portion. If You do not have personal knowledge sufficient to respond fully to a Request, You shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other persons or sources of information.

7.      All uses of the conjunctive include the disjunctive (and vice versa).

8.      All words in the singular include the plural (and vice versa). All uses of the word "all" include "any" (and vice versa).

9.      All uses of the word "each" include "every" (and vice versa).

10.     The use of a verb in any tense encompasses the use of the verb in all tenses.

11.     The use of the feminine, masculine, or neuter genders shall include all genders.

12.     If a claim of privilege is asserted with respect to any Request, in whole or in part, or You refuse to answer any Request on any other ground, specify the exact basis for Your claim that such Request need not be answered with sufficient specificity to permit the Court to determine the validity of Your objection or position. In the event You serve a proper and timely objection to a portion of a Request, please respond to all portions of the Request that do not fall within the ambit of Your objection. For example, if You object to a Request on the ground that it is too broad insofar as it covers time periods that You contend are not relevant to this litigation, You should answer as to all time periods that You contend are relevant.

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should You not understand the meaning of any term, it is requested that You immediately seek clarification through the undersigned. As used in these Requests, the words set forth below shall be defined as follows:

1.      "Action" shall mean the above-captioned action, currently pending in the United States District Court for the Southern District of Florida.

2.      "Vervent" shall mean Vervent Inc. and its employees, officers, directors, employees, partners, corporate parent, agents, subsidiaries, or affiliates.

3.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

4.    "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon). "Document" further means any kind of printed, recorded, written, graphic, electronic or photographic matter (including tape recording), and related metadata, however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, emails, texts, instant messages, memoranda, correspondence, notes of conferences or telephone conversations, reports, intra and inter-office communications to, between or among directors, officers, agents, attorneys, accountants or employees, compilations of data, books, records, accounts, contracts, agreements, pictures, photographs, transcripts, minutes, tapes, computer data files, printouts, vouchers, accounting statements, diagrams, mechanical and electrical recordings, checks, deposit slips, recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits; statements; summaries; opinions; court and/or arbitration pleadings; analyses, forecasts and evaluations; licenses; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements; questionnaires, answers to questionnaires; statistical records; advertisements, brochures, circulars, bulletins, pamphlets; desk calendars, appointment books, diaries, telephone logs; expense accounts; computer tapes and discs, magnetic tapes, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, models, drawings, sketches, blueprints, objects; and all other tangible things upon

which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

5.      The word "communication," or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies or telexes, emails or texts, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

6.      "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

7.      "Or" and "and" each mean "and/or."  "All" shall be understood to include and encompass "any".

8.      "Concerning," "evidencing" or "relating to" or any variant thereof includes referring to, support-ing, located in, considered in connection with, bearing, bearing on, evidencing, indicating, report-ing on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

9.      Unless otherwise indicated, the time period for these requests is July 1, 2023 to the present.

## DOCUMENT REQUESTS

1.      All backup copies of the MPFin database uploaded or downloaded by SuttonPark Capital LLC and/or 777 Partners LLC.

2.      All backup copies of the MPFin database uploaded or downloaded by any other entity or natural person.

3.      Server logs reflecting all downloads or uploads of MPFin database backups.

4.      Server logs reflecting or concerning all activity on the file server(s) where Vervent maintains and/or stores backup MP Fin System files or data received, produced, or otherwise provided by 777 Partners, LLC or SuttonPark Capital LLC.

5.      All contracts, agreements, and engagement letters between Vervent and 777 Partners, LLC or its affiliates.

6.      All contracts, agreements, and engagement letters between Vervent and SuttonPark Capital LLC, or its affiliates.

7.      All communications relating to data security concerning files received, produced, or otherwise provided by SuttonPark Capital LLC or 777 Partners, LLC to Vervent.

8.      All communications relating to the integrity, usability, or reliability of the MP Fin Database, system, or data.

9.      Any and all communications relating to data security incidents concerning the MP Fin System files or data received, produced, or otherwise provided by SuttonPark Capital, LLC or 777 Partners, LLC to Vervent.

10.     All communications relating to the need to restore the MPfin database, its data, or related systems.

11.     Any and all communications between Vervent and SuttonPark Capital, LLC or 777 Partners concerning the need use a backup copy of the MP Fin System.

12.     Any and all communications between Vervent and 777 Partners LLC concerning restoration of the MP Fin database.

13.     Any and all communications between Vervent and 777 Partners LLC concerning the preservation of documents or communications pertaining to this Action.

14.     All communications between Vervent and SuttonPark Capital LLC concerning the preservation of documents or communications pertaining to this Action.

15.     All communications between Vervent and SuttonPark Capital LLC from July 1, 2023 to Present.

16.     All communications between Vervent and 777 Partners, LLC from July 1, 2023 to Present.

ORLDOCS 22315450 2